## BONSANGUE v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided Dec 1, 1930

Roth & Pollack, Cleveland, for Bonsangue.
Ray T. Miller and David Ralph Hertz, both of Cleveland, for State.

**VICKERY, PJ.**

Now the error complained of, besides the judgment's being against the weight of the testimony, is that the court did not instruct the jury properly with respect to the weight to be given to the testimony of an accomplice. An exmaination of this record

will show that there was an abundance of evidence in this record outside of the testimony of Kennebrew; that his testimony was not of much moment, but even if it were of importance, the trial court trying this case charged the jury, and there is no fault to be found with the charge as given, but it is now claimed that he should have told the jury of the danger of relying upon an accomplice's testimony, that they should consider it very carefully.

Well, there was no duty imposed upon the court to make this charge unless it was called to his attention. The record shows that after the general charge was given, the trial judge turned to the counsel for the plaintiff in error and to the attorney for the state and asked whether either of them wanted him to say anything further to the jury. Whereupon counsel for plaintiff in error said he did not desire anything further and the state, represented by Assistant Prosecuting Attorney Frey, said likewise that the state did not ask for anything further. Whereupon the court sent the jury out and they brought in the verdict of guilty.

Now under such circumstances, if there was any error in this record it was error of **omission** and not of **commission,** and attorneys cannot sit idly by, especially where the court asks them if there is anything further that they want him to say to the jury and they answer, "No, there is nothing further." They cannot then predicate error upon what would have been perfectly proper for them to have called to the court's attention and in that event for the court to have given. But it was an error of omission rather than of commission, if it were an error at all, and the plaintiff in error is not in a position to urge that as a reason why the judgment should be reversed. In other words, lawyers representing clients at court cannot sit idly by and permit the court to commit error and then reverse the judgment because of that error, unless it was clearly an error of commission; that is, that the court wrongfully charged the jury, not that he omitted to charge something which they could have called his attention to and did not and which he undoubtedly would have done had his attention been called to it.

That being the condition of this record, we think the evidence in the record is ample outside of the confession and outside of the testimony of Kennebrew, to warrant the jury in finding this young man guilty of the crime. If it be true, as it is said, that he bore a good reputation before he got into this unfortunate situation, and if after he was indicted, arrested and convicted, his employer had sufficient faith in him to give him another chance by re-employing him, that is a matter which should be addressed to the probation department of the Common Pleas Court, the court which tried him, and undoubtedly if that matter were presented to the probation department of the court, and it could be established that this young man had been a man of good reputation and this was his first and only offense, and that his employer will continue to give him a job, the matter should and would undoubtedly receive favorable consideration. But that is not the province of a reviewing court. In this record this young man, we think, is proven guilty of the offense charged against him in the indictment, and the errors complained of are not of sufficient importance, or are not errors at all, which would warrant a reversal of the case. It must therefore, be affirmed.

Levine and Weygandt, JJ, concur.